**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jean Luis Lopez, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br><br><br>Tristate Linen, Inc. and<br>Vaso Nikprelovic<br>        Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION**

Plaintiff, Jean Luis Lopez ("Plaintiff"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Tristate Linen, Inc. ("Defendant" or "Tristate Linen") and Vaso Nikprelovic ("Defendant" or "Nikprelovic"). Tristate Linen and Nikprelovic may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

### I. Introduction

1. Plaintiff and the employees he seeks to represent are current and former employees of Defendants who worked within the past six (6) years. Defendants knowingly, deliberately, and voluntarily failed to pay their employees for all hours worked over forty in a workweek at the federal and state mandated overtime rate.

2. Plaintiff seeks to recover unpaid wages and other damages owed under the Fair Labor Standards Act (FLSA) Act, as a 29 U.S.C. § 216(b) collective action, and the New York Labor Law (NYLL) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C.

§ 201 et seq. ("FLSA"), as well as violations of the New York Labor Law, Section 190, *et. seq.* ("NYLL")

## II. Parties

2. Plaintiff is a resident of Garnerville, New York, and was employed Defendants.

3. Tristate Linen is a business that is located, headquartered, and conducts business in Congers, New York.

4. Nikprelovic is the owner and manager of Tristate Linen, and they are in charge of its employees. On information and belief, Nikprelovic is a resident of Congers, New York.

5. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

6. At all times relevant herein, Plaintiff was an employee of Defendants. During his employment with Defendants, Plaintiff regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal and New York law.

7. Plaintiff and all other similarly situated employees were subject to a compensation policy instituted by the Defendants which, by its terms, did not legally compensate them for all hours worked at the federally and New York mandated overtime rate.

8. The Class Members are current and former New York employees of Defendants who were paid straight time and not paid overtime at the statutory rate directed by the FLSA and the NYLL.

9. At all relevant times, Plaintiff and the Class Members were "employees" of the Defendants as defined by 29 U.S.C. § 203(e) and NYLL §§ 190(2) and 651(5).

10. At all relevant times, Defendants were and are an "employer" of Plaintiff and Class Members as defined by 29 U.S.C. § 203(d) and NYLL §§190(3) and 651(6

### III. Jurisdiction And Venue

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. The Southern District of New York has personal jurisdiction over Defendants because they do business in New York and in this judicial district. Additionally, Plaintiff worked for Defendants in the Southern District of New York during the relevant period.

13. Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, including many of the wrongs herein alleged.

14. The proposed class action includes a total number of plaintiffs in excess of 100.

### IV. Facts Common To All Claims

15. Plaintiff worked for Defendants from on or the end of the year 2016 until November 2019. He returned to work with Defendants on or about December 1, 2021 until the present time.

16. Defendants classified Plaintiff as a W-2 employee and paid him on an daily basis.

17. Plaintiff worked overtime (i.e., more than 40 hours per week) for Defendants every week during the relevant time period. Plaintiff worked, at a minimum, 8 hour daily shifts, six days a week.

18. Defendants did not pay Plaintiff any additional pay for overtime hours that he worked during the relevant time period.

19. Instead, Defendants paid Plaintiff his hourly rate (i.e., "straight time") for each work hour he recorded in the company's timekeeping system, including his overtime hours.

20. Defendants paid all similarly situated employees in the same manner.

21. By engaging in this pay practice, Defendants deprived employees of their right under New York labor law and the FLSA to receive time-and-a-half pay for their overtime hours.

22. Defendants' employees are entitled to overtime for each hour worked in excess of forty in a workweek. However, Defendants failed to compensate them as required by New York and the FLSA.

23. Defendants owe Plaintiff .5 times his regular rate of pay for each recorded overtime hour he worked each week during the relevant time period, plus liquidated damages in the same amount.

24. Plaintiff is also entitled to an award for all reasonable attorneys' fees and costs associated with prosecuting this lawsuit.

25. Defendants' method of paying Plaintiff and all similarly situated employees in violation of the FLSA and New York labor laws was willful and was not based on a good faith and reasonable belief that their conduct complied with the law.

26. Defendants knew the requirement to pay overtime to their employees, but they intentionally and/or recklessly chose not to do so. Accordingly, Defendants' violations of the FLSA were willful.

## V. Collective Action Allegations

27. Plaintiff brings this complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former New York employees who were paid straight time instead of time-and-a-half for recorded overtime hours (hours over 40 in each workweek) within three (3) years from the commencement of this action up to the present.

28.     Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), this complaint may be brought as an "opt-in" collective action for all claims asserted by Plaintiff because his claims are similar to the claims of the putative plaintiffs of the representative action.

29.     Plaintiff is similarly situated to the putative Plaintiffs with regards to his job duties. They were subject to Defendants' common practice, policy, or plan of refusing to pay employees overtime in violation the FLSA. Plaintiff and the putative plaintiffs were victims of a common policy or plan that violated the law.

30.     The names and addresses of the putative members of the representative action are available from Defendants. To the extent required by law, notice will be provided to these individuals via First Class Mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## VI. Class Actions Allegations

31.     The claims arising under the New York State Labor Law are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

32.     Plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and seeks to certify a class as follows:

**All of Defendants' current and former employees who work or worked and are or were paid straight time instead of time-and-a-half for hours worked in excess of 40 hours in individual workweeks (overtime) during the six years prior to the commencement of this suit through the present; and all of Defendants' current and former workers who were deprived of notices required by the New York Wage Theft Prevention Act, including applicable notices at the time of the employees' hire; and wage statements owed on each payday."**

33.     Defendants' policy of failing to pay overtime affects members of the Class in a substantially similar manner. Plaintiff and the Class Members have claims based on the same

legal and remedial theories. Plaintiff and Class Members have claims based on the same facts. Plaintiff's claims are therefore typical of the Class Members.

34. As stated above, Plaintiff states that the proposed class action includes a total number of plaintiffs that is in excess of a 100. The identity of the members of the class is readily discernible from Defendants' records.

35. Plaintiff and the Class Members on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

36. If individual actions were required to be brought by each of the similarly-situated persons affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class Members are entitled.

37. There are questions of law and fact that are common to all members of the proposed class, and these questions predominate over any question affecting only individual class members.

38. Plaintiff will fairly and adequately protect the interests of the proposed class in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff has no interests antagonistic to the members of the proposed classes. Plaintiff is committed to the vigorous prosecution of this case as a class action and has retained counsel who are experienced in class action litigation in general and wage and hour litigation in particular.

39.     The Class Action is a superior form to resolve the NYLL claims because of the common nucleus of operative fact centered on the continued failure of Defendants to pay its employees according the provisions of the NYLL and the FLSA.

40.     The Plaintiff and similarly situated employees of Defendants herein seeking class status are seeking to remedy a common legal grievance.

41.     Defendants' policy of refusing to pay legally required wages to its employees provides a common factual and causal link between all the Class Members which positions them in opposition to Defendants.

42.      In this action, common issues will be the object of the majority of the efforts of the litigants and the Court. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and the putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting in inconsistent judgments pertaining to the Defendants' policies.

## VII. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Failure to Pay Overtime Wages to Plaintiff In Violation of the FLSA

43.     Plaintiff reincorporates by reference Paragraphs 1 through 42, as if set forth in full herein for Paragraph 43.

44.     Plaintiff began working with Defendants in or before the end of 2016 until November 2019, and then returned to work with Defendants on December 1, 2021 until the present time.

45.     At all times, Plaintiff held the same position at Tristate Linen, he works as a launderer. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because

he was employed by Defendants to perform laundry duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

46. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 48 hours per week.

47. Plaintiff was paid their wages on a(n) daily basis.

48. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

49. Plaintiff's rate of pay was $120.00 daily on 2016, 2017; $140.00 daily on 2018, 2019, 2021 and $150.00 daily on 2022.

50. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

51. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

52. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. Defendant knew or should have known that Plaintiff was entitled to time-and-a-half wages for hours worked in excess of 40 per week, and thus its conduct was willful.

53. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $3,620.00 in unpaid overtime wages; (ii) liquidated damages of $3,620.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A

## SECOND CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act Overtime
### (Collective Action)

54. Plaintiff incorporates the preceding paragraphs by reference.

55. This count arises from Defendants' violation of the FLSA 29 U.S.C. 201, et seq., for their failure to pay Plaintiff and the members of the Class all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks.

55. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the Class members were entitled to be paid one and one-half times their regular rates of pay.

56. Defendants violated the FLSA by failing to compensate Plaintiff and the Class members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

57. Defendants' failure to pay overtime to Plaintiff and the Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Plaintiff will seek to certify the SECOND CLAIM FOR RELIEF, violation of the overtime provisions of the FLSA, as a collective action and asks the Court to determine the rights of the class pursuant to the FLSA, determine any damages due, and to direct Defendants to account for all back wages, penalties and prejudgment interest thereon due to Plaintiff and the other employees he represent

## THIRD CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages In Violation of the NYLL)
### (Class Action)

59. Plaintiff incorporates the preceding paragraphs by reference.

60. This count arises from Defendants' violation of the NYLL Art. 6, Section 191, for their failure to pay Plaintiff and the Class Members all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the Class Members were entitled to be paid one and one-half times their regular rates of pay. In addition, the Class is entitled to receive liquidated damages.

61. Defendant has violated the NYLL by failing to compensate Plaintiff and the Class Members consistent with the maximum hour provisions decreed in the NYLL.

62. Plaintiff will seek to certify the THIRD CLAIM FOR RELIEF, a violation of the overtime provisions of the NYLL, as a class action and asks the Court to determine the rights of the class pursuant to the NYLL, award all damages due, including, but not limited to, liquidated damages, and to direct Defendant to account for all back wages, prejudgment interests and all other damages due to Plaintiff and the class he represents.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Furnish Accurate Wage Notices in violation of the NYLL)**
**(Class Action)**

63. Plaintiff incorporates the preceding paragraphs by reference.

64. NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

65. During the six years preceding this Complaint, Plaintiff and the Class Members experienced material changes in their employment, including the rate of pay at which Plaintiff and the Class Members were compensated.

66. During the preceding six years, Defendants unlawfully failed to issue accurate wage notices to Plaintiff and the Class Members by failing to notify Plaintiff and the Class Members their accurate rate of pay, including overtime pay.

67. Plaintiff will seek to certify the FOURTH CLAIM FOR RELIEF, Defendants' failure to Furnish Accurate Wage Notices In Violation of the NYLL, as a class action and asks the Court to determine the rights of the class pursuant to the NYLL, award all damages due, including, but not limited to, that Plaintiff and the Class Members are entitled to $50 per day for every day accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF

**(Failure to Furnish Accurate Wage Statements/Paystubs In Violation of the NYLL)**
**(Class Action)**

68. Plaintiff incorporates the preceding paragraphs by reference.

69. NYLL § 195(3) requires employers to furnish employees with accurate wage statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof, and hours worked.

70. During the preceding six years, Defendants unlawfully failed to issue accurate wage statements to Plaintiff and the Class Members, including failing to include overtime pay in any such wage statements.

71. Plaintiff will seek to certify the FIFTH CLAIM FOR RELIEF, Defendants' failure to Furnish Accurate Wage Statements/Paystubs In Violation of the NYLL, as a class action and asks the Court to determine the rights of the class pursuant to the NYLL, award all damages due,

including, but not limited to, that Plaintiffs and the Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully, on behalf of himself and all proposed members of the NYLL class action, prays for relief as follows:

A.  With Respect to the FLSA violation:

  1. An award for Defendant's violations of the FLSA in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $3,620.00.

  2. An award of liquidated damages for Defendant's willful violations of the FLSA in an amount equal to at least $3,620.00;

  3. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

  4. A declaration that Defendants violated the FLSA;

  5. An award reasonable attorneys' fees and costs; and

  6. Any such additional or alternative relief as this Court deems just and proper.

B.  With Respect to the Class, Plaintiff prays as follows:

  1. Certification of this action as a Class Action;

  2. Designation of the Named Plaintiff, Jean Luis Lopez, as class representative;

  3. Designation of the undersigned counsel as class counsel; and

   4. Entrance of a declaratory judgment that the actions complained of herein are unlawful.

C. With Respect to the New York State claims, Plaintiff prays as follows:

   1. Grant of judgment to the named Plaintiff and Class members including awarding statutory, compensatory and liquidated damages as provided for under New York law;

   2. Award of pre-judgment and post-judgment interest, at the highest rate provided by law; and,

   3. Awarding of Plaintiff his attorneys' fees and costs of suit.


               s/Daniel I. Schlade
               Attorney For Plaintiff


Daniel I. Schlade (ARDC No. 6273008)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
Email: dschlade@justicialaboral.com
    danschlade@gmail.com


**PLAINTIFF DEMANDS TRIAL BY JURY**