LAW OFFICES

## KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
135 CHESTNUT RIDGE ROAD, SUITE 200
MONTVALE, NEW JERSEY 07645

BARRY S. KANTROWITZ**•
GARY S. GRAIFMAN**
RANDY J. PERLMUTTER**
MELISSA R. EMERT*
KATE CARBALLO**+

———————

SPECIAL COUNSEL
PAUL B. GOLDHAMER**

———————

JAY I. BRODY**
AMANDA N. CASELLA*
DANIEL C. EDELMAN**
BRANDON W. ROTHSTEIN**
WILLIAM T. SCHIFFMAN**
SAM B. SMITH**

———————

OF COUNSEL
ROBERT A. LUBITZ**
STEVEN B. ROTHSCHILD*
JEFFREY P. ORLAN, P.A., P.C.*•
ARNOLD REITER**

TEL (201) 391-7000
FAX (201) 307-1086
www.kgglaw.com

NEW YORK
16 SQUADRON BLVD, STE 106
NEW CITY, NY 10956
TEL (845) 356-2570
FAX (845) 356-4335

**ALL MAIL AND OVERNIGHT
DELIVERIES SHOULD
BE ADDRESSED TO OUR
NEW JERSEY OFFICE**

** N.Y. & N.J. BAR
* N.Y. BAR ONLY
• FLA. BAR
+ NJ CERTIFIED CIVIL TRIAL ATTORNEY

December 9, 2022

## *Via ECF*
Hon. Valerie E. Caproni
U.S. District Court Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:    Lopez v. Tristate Linen, Inc.**
Civil Action No. 1:22-cv-09271(VEC)
Our File No. 4456.001

Dear Judge Caproni:

      This firm represents Defendants Tristate Linen, Inc. and Vaso Nikprelovic ("Defendants") in the above-referenced action, and, together with counsel for Plaintiff, Jean Luis Lopez ("Plaintiff") we respectfully seek approval of a settlement in this action. Plaintiff and Defendants join in urging this Court to approve the terms of the settlement agreement ("Agreement"), which is attached hereto as **Exhibit 1**, as fair and reasonable.

Background

      The claims made by Plaintiff are more fully set forth in the Complaint (ECF No. 2). In essence, Plaintiff brings claims for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and violations of the wage notice and wage statement requirements of the NYLL. This action alleges a potential class, but no class was ever certified and the settlement only relates to the sole named Plaintiff. Plaintiff also sought to recover legal fees and costs under the applicable fee-shifting provisions of the foregoing.

1

Legal Authority

Court approval is required for a settlement of FLSA claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The parties must demonstrate that the settlement is "fair and reasonable." *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015). Courts generally find a presumption that settlements are fair and reasonable. *See Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Courts analyze the totality of the circumstances of the settlement, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotation marks omitted). Courts also review the following to determine if there is anything unfair or unreasonable regarding the settlement:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*See id.* at 336 (quotation marks omitted). The parties putting forth the resolution must provide the Court with "enough information to evaluate the bona fides of the dispute." *Gaspar v. Pers. Touch Moving, Inc.*, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015). This information must include the background of the plaintiff's claim(s), the process of litigation and settlement negotiation, the defendant's "potential exposure," the calculation of maximum potential recovery, the probability of success, and evidence "supporting and requested fee award." Id. (quoting *Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

Calculation of Plaintiff's Potential Damages

In this case, Plaintiff alleges that he worked approximately 48 hours per week and was paid a daily rate instead of hourly. (ECF No. 2 ¶¶ 15-19). The alleged time period occurred between November 2019 to Fall 2022. (ECF No. 4, Ex. A). There is no chance of recurrence of any wage-based claims as Plaintiff voluntarily left his employment some time ago. Defendants dispute the

weekly hours claimed by Plaintiff and assert that Plaintiff was paid appropriately for all hours worked. Defendants also assert that Plaintiff did not work the full extent of the hours asserted. Plaintiff has calculated the damages stemming from unpaid overtime and liquidated damages to be $7,240.00, inclusive of liquidated damages. (ECF No. 4, Ex. A). Defendants assert that as Plaintiff did not work the hours asserted, his potential damages for unpaid overtime would be substantially less than those asserted. The parties also disagree on whether Plaintiff was provided the legally mandated wage notices under the NYLL.

The Parties' Negotiation Process

After the filing of the complaint, Defendants' counsel reviewed Plaintiff's payroll records and timesheets to determine how many hours and weeks Plaintiff worked for Defendants, as well as how much Plaintiff was paid during that time. After review of those records, the parties' counsel engaged in preliminary settlement discussions. Thereafter, counsel conducted separate analyses of liability, potential damages, and the strengths and weakness of their respective arguments. The parties were eventually able to come to an agreement as to a mutually acceptable settlement. By coming to this agreement, the parties will avoid substantial legal fees associated with the remainder of the litigation, including additional discovery, potential summary judgment motions, and a trial.

Settlement and Legal Fees

Under the settlement, Defendants agree to pay $9,000.00, forty percent (40%) of which will be applied to legal fees. Plaintiff is due to receive $4,774.00 under the settlement agreement. This amount is a fair and reasonable recovery for all claims in this action, in light of the possibility of a complete dismissal of the wage claims based on the defenses. In the Second Circuit, Courts tend to award fees by the percentage method, based upon the total amount recovered by the plaintiff. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). However, even when awarding fees by the percentage method, the plaintiff's counsel should "submit evidence providing a factual basis for the award," which includes contemporaneous time records. *Wolinsky*, 900 F. Supp. 2d at 336; *Guareno v. Vincent Perito, Inc.*, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014); *Nights of Cabiria*, 96 F. Supp. 3d at 181. "Courts in the Second Circuit routinely award attorneys' fees in FLSA settlements of one-third of the total recovery . . . ." *Zekanovic v. Augies Prime Cut of Westchester, Inc., et al.*, 19-cv-8216 (KMK) (S.D.N.Y. Oct. 5, 2020) (citing *Zorn-Hill v. A2B Taxi LLC*, Nos. 19-CV-1058, 18-CV-11165, 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) (collecting cases); *Garcia v. Atlantico Bakery Corp.*, No. 13-CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016); *Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar. 16, 2016), *adopted by* 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016). Under the settlement agreement, Plaintiff's counsel is due to receive a legal fee of $3,600.00 and costs of $626.00 ($402.00 case filing fee, and $224.00 to serve Defendants), as per the retainer agreement between Plaintiff and his counsel. This award for attorneys' fees is below the hours billed by Plaintiff's counsel in relation to this litigation. **Exhibit 2** (Plaintiff's counsel's billing records).

The settlement is fair and reasonable for several reasons. First, Defendants believe that Plaintiff was paid the full amount of his salary arrangement and that no overtime is owed. Second, Defendants have agreed to pay some damages to prevent the risk of a finding against them, which would result in being liable for attorneys' fees. Third, Defendants believe that even if they are not successful in arguing that Plaintiff was compensated fully for all hours worked, the settlement amount represents a fair mitigation of risk, for both parties. Fourth, there appears to be a desire by all parties to resolve the case and avoid the tremendous financial and non-financial costs/harms of litigation. Finally, the settlement was the product of arms' length negotiation, prior to even the Court ordered mediation process, where the parties were represented by experienced attorneys who represented the parties' best interests. The parties agree that the settlement set forth is fair and reasonable and that no hearing before this Court is needed or requested. The Agreement also does not include any confidentiality provision, in line with the requirements under *Cheeks*.

We thank the Court in advance for its time and consideration, and respectfully request approval of the settlement as fair and reasonable.

Respectfully submitted,

Sam B. Smith, Esq.
Kantrowitz, Goldhamer & Graifman, P.C.
*Attorneys for Defendants*
135 Chestnut Ridge Rd, Suite 200
Montvale, NJ 07645
Tel: 845-356-2570
ssmith@kgglaw.com


s/Daniel I. Schlade
*Counsel for Plaintiff*
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
dschlade@justicialaboral.com

# EXHIBIT 1

<u>**FLSA SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release is made this ___ day of December, 2022, between Plaintiff Jean Luis Lopez ("Plaintiff"), and Tristate Linen, Inc. (sometimes referred to individually herein as "Defendant Corporation") and Vaso Nikprelovic (hereinafter collectively referred to with Defendant Corporation as "Defendants") (collectively referred to as the "Parties").

**WHEREAS** Plaintiff was formerly employed by Defendant Corporation; and

**WHEREAS** Plaintiff filed an action in the District Court for the Southern District of State ("the Court"), under Civ. Action No. 1:22-cv-09271(VEC) (the "Pending Action"), alleging, *inter alia*, that he is entitled to unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and that he is entitled to compensation for not receiving notices required by NYLL, related to his employment with the Corporate Defendant (the "Action"); and

**WHEREAS** Defendants deny all of the material allegations asserted in the Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff;

**WHEREAS** the Parties have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties desire to resolve and settle the Action in an amicable manner without the risk and expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **<u>Settlement Payment and Other Consideration</u>**

   a. In full and final settlement of the Action, as well as any amounts Plaintiff may have the right to receive from Defendants under any agreements or under any applicable law and all claims that Plaintiff has or may have against Defendants, and their affiliates, past and present officers, directors, employees and representatives, and in consideration for the general release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make the following payments:

      i. An aggregate payment of NINE THOUSAND AND 00/100 DOLLARS ($9,000.00) in the form of three checks, as follows:

         a. the first check in the amount of TWO THOUSAND THREE HUNDRED EIGHTY-SEVEN AND 00/100 DOLLARS ($2,387.00) payable to Jean Luis Lopez on a W-2 for unpaid wages;

1

      b.  the second check in the amount of TWO THOUSAND THREE HUNDRED EIGHTY-SEVEN AND 00/100 DOLLARS ($2,387.00) payable to Jean Luis Lopez on a 1099 for liquidated damages; and

      c.  the third check in the amount of FOUR THOUSAND TWO HUNDRED TWENTY-SIX 00/100 DOLLARS ($4,226.00) payable to "Justicia Laboral, LLC, as attorneys for Jean Luis Lopez," for attorneys' fees and costs.

  b.  Plaintiff understands and agrees that Defendants will not withhold federal or state income taxes, FICA, Social Security, Medicare, or any other withholding from the payment provided for in Paragraph 1(a)(i)(b) of this Agreement, and therefore agrees and promises to pay all taxes which may be due with respect to the payment provided for therein in the event a governmental taxing authority determines that any such taxes are due. Plaintiff further agrees to indemnify and hold Defendants harmless from all liabilities for failing to withhold the foregoing tax items from the payment provided for in Paragraph 1(a)(i)(b) of this Agreement.

  c.  Payments shall be made within thirty (30) days of the Court's approval of this Agreement.

  d.  The payment specified above shall be delivered to Plaintiff's attorney at the address specified below.

  e.  Except as set forth in the preceding paragraphs, each Party shall bear the Party's own costs and fees in relation to the Action and this Agreement.

2.  **Release of FLSA Claims.**

  a.  In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendant's obligations under this Agreement, Plaintiff, and his successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through him Defendants and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present, of and from any and all claims demands, actions, causes of action, liabilities, and obligations for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, overtime compensation, minimum wage-related payments, monetary relief, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, and any other benefits of any kind, for any claim brought, or that could have been brought, under the Fair Labor Standards Act ("FLSA"), the New York Labor Law, the Wage Theft Prevention Act, and/or

any local, state, or federal wage statute, code, or ordinance relating to wage and hour claims raised, or that could have been raised, in the Pending Action.

b.  Plaintiff hereby expressly consents that the above release shall be given full force and effect according to each and all of its express terms and provisions.  Plaintiff hereby expressly acknowledges that he has been advised to review this Agreement and the release that it contains with an attorney, that he understands and acknowledges the significance and consequences of said release, and that he understands and acknowledges that without such provision, Defendants would not have entered into this Agreement or provided Plaintiff with the payments and benefits described above.

c.  This release shall not release, affect, or limit Plaintiff's right to enforce the terms of this Agreement.

d.  Defendants and their successors and assigns hereby release, remise, acquit and forever discharge Plaintiff from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's relationship with any of Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiff committed or omitted prior to the date of this Agreement and Release.

e.  The Parties intend the Releases herein to be construed and interpreted as general releases to the fullest extent permitted by law.

3.  **Participation in Litigation**

Plaintiff agrees not to assist, unless compelled by subpoena to testify by a court of competent jurisdiction after notice has been provided as set forth below, any adverse party in a litigation against Defendants, through providing testimony, speaking to counsel, investigators, etc., or providing documents or other evidence to a party in any proceeding against Defendants.  Plaintiff agrees not to appear as a witness or solicit or assist any other person in soliciting any person or group to bring or file any claim, action, complaint or proceeding against Defendants, unless compelled to do so by legal process.

Notwithstanding anything below, should Plaintiff be subpoenaed to appear in any action or to provide any evidence in a proceeding against Defendants, Plaintiff shall notify Defendants in writing as provided in Paragraph 15 hereto.  Such notice must be sent within five (5) days of receipt of such subpoena, unless the subpoena requires compliance in less than five (5) days in which case Plaintiff shall notify Defendants by e-mail at rperlmutter@kgglaw.com  within two (2) days of receipt.

3

4. **Dismissal of Action**

Upon execution of this Agreement, the attorneys for the parties shall take all actions necessary to dismiss the Action with prejudice.

5. **Non-Admission**

The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation of any of Defendants' policies or procedures, or of any federal, state or local statute, regulation or ordinance. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

6. **Successors and Assigns**

Upon the merger or consolidation of Defendant Corporation into or with another entity, or upon the sale of all or substantially all the assets, business, and goodwill of Defendant Corporation, this Agreement and Release shall bind and inure to the benefit of both Defendant Corporation and the acquiring, succeeding, or surviving entities, as the case may be.

7. **Applicable Law**

This Agreement supersedes any and all prior agreements between the Parties whether oral or in writing. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles.

8. **Execution in Counterparts; Facsimile Signatures; Force and Effect**

This Agreement may be executed using facsimile or PDF signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

9. **Non-Disparagement**

The Parties agree to refrain from disparaging each other, except Plaintiff is explicitly permitted to make truthful statements about his experience litigating this matter. This non-disparagement applies to all persons made aware of the existence of this Agreement, including, but not limited to Plaintiff. If Plaintiff uses Defendants as a reference for future employment, Defendants shall only provide to a prospective employer that Plaintiff's dates of employment and positions held.

10. **Breach; Cure; Enforcement**

    a.  The Parties agree that the Court will retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Settlement Agreement.  In the event the Court declines to retain jurisdiction of the Action for the purpose of enforcing the terms of this Settlement Agreement, the parties consent and agree that any such denial shall not affect the enforceability of this Agreement, and the Parties may enforce this Settlement Agreement in any other court of competent jurisdiction.

    b.  In the event of a breach of any provision of this Agreement, the non-breaching Party shall provide written notice to the breaching Party as provided below, and the breaching Party shall have ten (10) business days from receipt of the written notice to cure the aforementioned breach (the "cure period"). In the event a material breach of this agreement still exists after the cure period has expired, the non-breaching Party shall be entitled to reasonable costs, attorney's fees, and disbursements required in order to enforce this agreement, in addition to any other relief a court deems just and proper.

11. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties.  There is no other agreement except as stated herein. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiff and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

12. **Non-Waiver**

No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right.  A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

13. **Interpretation**

    a.  <u>Construal.</u> Each of the Parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel.  Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents.  Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

    b.  <u>Severability</u>.  In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining

provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

    c.  <u>Section Headings</u>.  Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

14. **<u>Representations and Warranties</u>**

    a.  Each of the undersigned warrants that he is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

    b.  Each Party hereby warrants, represents, covenants and acknowledges that it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that it has voluntarily, and upon the advice and approval of its legal counsel in this matter, read and understood this Settlement Agreement and all of its terms and conditions and agrees to each and every term and condition herein.

    c.  Plaintiff acknowledges and agrees that, at all times relevant to this Action and throughout the negotiation and execution of the Agreement, he has been well-represented by Counsel.  Plaintiff further represents that, at his request, said counsel has explained and/or, as necessary, provided for the translation of the Agreement into a language requested by Plaintiff, including explaining the terms and conditions contained herein, such that Plaintiff fully understands the terms and conditions of this Agreement.

15. **<u>Notices</u>**

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email, facsimile, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

<u>Plaintiff</u>:
Daniel I. Schlade, Esq.
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Tel: (773) 550-3775
E-mail: dschlade@justicialaboral.com

<u>Defendants</u>:
Randy Perlmutter, Esq.
Kantrowitz, Goldhamer & Graifman, P.C.
135 Chestnut Ridge Road, Suite 200

Montvale, NJ 07645
Tel: (845) 356-2570
E-mail:  rperlmutter@kgglaw.com

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission or email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made.  No other methods of delivery are valid other than those expressly set forth above.

16. **Signatures**

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_____        **Date: _____, 2022**
**Jean Luis Lopez**


**TRISTATE LINEN, INC.**


**By:_____        Date: _____, 2022**
**Name: Vaso Nikprelovic**
**Title:   Owner**

7

# EXHIBIT 2



## JUSTICIA LABORAL

### <u>AFFIDAVIT OF ATTORNEY'S FEES, TIME AND TASKS</u>

Daniel I. Schlade, having been first duly sworn on oath, states:

1.      Plaintiff Jean Luis Lopez retained me and my law firm, Justicia Laboral, LLC, on July 18, 2022 to represent him in Case No. 1:22-CV-09271 (VEC).  The above captioned lawsuit involves claims under the Fair Labor Standards Act and New York state law to collect unpaid wages and overtime from Defendant, his former employer.

2.      I am the primary attorney responsible for handling this matter. I am licensed to practice law in the state of New York.  My New York Bar number is 5916697.

3.      We are representing this Plaintiff on a contingency fee basis, and our agreed upon rate for this matter is forty percent (40%) plus costs.  Although we are representing Plaintiff in this matter on a contingency fee, our typical billable hourly rate is $400.00 per hour for matters of this caliber.

4.      Our $400.00 hourly rate is reasonable and comparable to rates charged by attorneys and staff of a comparative level, serving the same legal market: the metropolitan New York area. I have been practicing law for over twenty years.

5.      Below is an accounting of the time I dedicated to this matter.

| 7/18/2022 | Review client file (.3); interview client regarding claims against defendants (1.0). | 1.3 | $520.00 |
|---|---|---|---|
| 10/28/2022 | Draft complaint (1.2); draft cover sheet (.2); draft appearance (.2); draft summonses to defendants (.3) | 1.9 | $760.00 |
| 11/1/2022 | Review issuance of summons and communicate with SPS regarding service of process. | .2 | $80.00 |



## JUSTICIA LABORAL

| 11/5/2022 | Review service of process (.2) | .2 | $80.00 |
|---|---|---|---|
| 11/9/2022 | Phone call with with OC, discuss case in general and possibility of settlement (.2); phone call to client regarding the case (.3). | .5 | $200.00 |
| 11/10/2022 | Follow-up phone call with client to discuss the case. | .2 | $80.00 |
| 11/11/2022 | Email OC regarding settlement and case in general. | .2 | $80.00 |
| 11/17/2022 | Review answer filed by Defendant, and conference with client regarding the response. | .6 | $240.00 |
| 11/19/2022 | Review payroll records from client, and conference with client. | .6 | $240.00 |
| 11/28/2022 | Review mediation referral order. | .3 | $120.00 |
| 12/2/2022 | Review email from oc with payroll information regarding plaintiff (.2); conference with client regarding case (.6); draft settlement email to oc (.2) | 1.0 | $400.00 |
| 12/6/2022 | Review email from oc regarding settlement and communicate with client regarding settlement. | .3 | $400.00 |
| 12/8/2022 | Review draft settlement agreement and draft | 2.5 | $1000.00 |



## JUSTICIA LABORAL

|  |  |  |  |
|---|---|---|---|
|  | revisions (1.0); review to Cheeks motion, and draft revisions (.6); draft affidavit of attorney's fees (.7); draft email to process server regarding its fees (.2). |  |  |
|  |  | Subtotal: | $4,200.00 |
| **COSTS:** |  |  |  |
| 5/13/2022 | Case Filing Fee |  | $402.00 |
| 5/24/2022 | Service of Process |  | $224.00 |
|  |  | Subtotal: | $626.00 |
|  |  |  |  |
|  |  | **TOTAL** | **$ 4,826.00** |

6.      The tasks performed and the costs incurred were all reasonably and necessarily incurred in the case.  The fees and costs incurred reflect tasks that were performed competently and efficiently.

7.      The amount of attorneys' fees and costs incurred through December 8, 2022 would be $4,826.00, had Plaintiff retained my firm on an hourly basis.

8.      I have personal knowledge of the facts set forth in this Affidavit and can testify in accordance therewith.

### Verification

I declare under penalty of perjury that the foregoing is true and correct.

Executed: December 8, 2022

Daniel I. Schlade